# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

RICHARD KISER,

      Plaintiff,

                                   Civil Action 2:16-cv-135
                                   Judge George C. Smith
      v.                            Magistrate Judge Chelsey M. Vascura

RICHARDS, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

After repeated requests for leave to amend his complaint, all of which the Court granted, Plaintiff has not filed his amended complaint.   The most recent deadline was February 26, 2018.   Plaintiff neither filed the amended complaint nor requested additional time.   In any event, this Court first granted Plaintiff leave to amend his complaint on June 28, 2016.   In the ensuing twenty months, Plaintiff has not acted to amend.

On March 5, 2018, this Court issued an Order to Show Cause, directing the Plaintiff to show cause within fourteen days why the Court should not dismiss this action for failure to prosecute.   The undersigned advised Plaintiff that she would recommend that the Court dismiss this action without prejudice in the event that Plaintiff failed to timely respond to the Order to Show Cause.   Plaintiff has not responded, and the time allotted by the Order to Show Cause has elapsed.

Federal Rule of Civil Procedure 41(b) provides for the dismissal of an action where the plaintiff has failed to "prosecute or to comply with . . . a court order . . . ."   *See Erby v. Kula*, 113

F. App'x 74, 75 (6th Cir. 2004).   A district court has authority to dismiss an action under Rule

41(b) when it has put a party "on notice that further noncompliance would result in dismissal."

*Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

The undersigned **RECOMMENDS** that the Court dismiss this action without prejudice for

Plaintiff's failure to prosecute.   The docket reflects that Plaintiff has been granted leave to file an

amended complaint on three occasions over the last two years.   He has not filed an amended

complaint, however, and failed to explain his failure to do so in response to the most recent Order

to Show Cause.   Accordingly, the undersigned concludes that dismissal without prejudice is

warranted.   *See Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008).

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).   A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject,

or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions.   28

U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE